## Moses Norton *vs.* Samuel L. Valentine.

Where an officer has made a false return, he is responsible for the ordinary results of his own acts; but not for the illegal or oppressive conduct of the creditor, or another officer. The injury and loss which the plaintiff actually sustained by the false return are the only proper subjects of examination in estimating the damages.

In an action against an officer for falsely returning that he had left a true and attested copy of a citation to take the debtor's oath, under the statute of 1831, *c.* 520, at the last and usual place of abode of the debtor, the certificate of the Justices, that he was notified, is not conclusive evidence of the fact.

If the debtor, without having had notice, happen to be present before the Justices, he is not bound to plead to or object to their jurisdiction.

A promise by the debtor to the creditor to pay the debt does not preclude the debtor from maintaining an action for the false return.

Improper or irrelative testimony cannot become admissible merely because it is introduced by the cross-examination of a witness called by the adverse party.

Exceptions from the Court of Common Pleas, *Smith J.* presiding.

The action was case, for a false return upon the citation to the plaintiff to disclose the actual state of his business affairs, pursuant to the statute of 1831, *c.* 520, for the abolition of imprisonment of honest debtors, served by the defendant. The citation was founded on an execution issued on a judgment rendered in the county of *Penobscot*, against the defendant and others, in favor of one *Snow*, and was returnable before Justices in that county. The defendant was a deputy sheriff for the county of *Penobscot*, and returned on the citation, that he had left a true and attested copy of the same at the last and usual place of abode of the plaintiff. The Justices before whom the citation was returnable, certified, that the plaintiff was notified and did not appear, and *Snow* sued out another execution, running against the body, on which the plaintiff was arrested by another officer and committed to prison. The plaintiff offered evidence tending to show, that the plaintiff had removed with his family from *Bangor*, where he had formerly resided, to *Norridgewock*, in the county of *Somerset*, some months before the service of the citation; but it appeared that he had after his re-

moval occasionally worked and boarded at *Bangor.* There was no direct evidence, that the plaintiff was in the county of *Penobscot,* when the service was made, but there was evidence tending to show that he was present at the time and place where the citation was returnable, but it did not appear, that he made his appearance known to the Justices, or even that he knew that any citation had issued. The defendant returned on an execution in favor of a third person against the plaintiff, on the day next following his return on the citation, that he could not find the plaintiff within his precinct. The Judge instructed the jury, that if the plaintiff had removed his family to *Norridgewock,* before the service of the citation, and if his and their home was in *Norridgewock,* that the residence of the plaintiff would be in that town, and the return on the citation false; that if the plaintiff were present before the Justices, he was under no obligation to plead to, or object to the jurisdiction of the Justices; and that their adjudication was no evidence, that the plaintiff's residence was in the county of *Penobscot.* The defendant proved, that after the return day of the citation, the plaintiff promised to pay the execution to the attorney of the creditor, if he would keep it until a certain day; that it was kept until that day; and that then the plaintiff refused to pay it. The Judge ruled, that the promise and agreement were no waiver of any claim against the defendant for a false return. The plaintiff offered testimony, appearing in the cross examination of a deponent, whose deposition was taken by the defendant, and read by him on the trial, tending to show, that *Snow's* demand was secured by a mortgage, and that he had taken possession under it; that when the plaintiff was committed on the execution by another officer, it was done with violence, and in the presence of a large number of persons; and that the plaintiff borrowed the money of his brother to pay the execution, who said when he loaned it, that he had himself borrowed it for that purpose. To the admission of all this evidence the defendant seasonably objected, but the Judge overruled the objections, and admitted the evidence. To the ruling and instructions of the Judge, and to the admission of the evidence, the defendant excepted.

*Wells,* for the defendant, contended, that the service was properly made in the county of *Penobscot,* and by leaving a copy of

the citation at the house where the plaintiff boarded. Where the family resides in one county, and the man lives and boards in another, the notice is properly left at his boarding place.

As the plaintiff was present at the time and place, he should have objected to the jurisdiction of the Justices, if he intended to insist, that the proceedings were in the wrong county; and not having done so, he is bound by them. Their adjudication is conclusive evidence, that he was notified. The promise to pay the execution to the attorney of the creditor was a waiver of any irregularity in the previous proceedings. He argued, that each particular of the testimony objected to and admitted was clearly inadmissible, and material in the decision of the questions before the jury.

*Tenney*, for the plaintiff, said the ground of complaint was, that the defendant had falsely returned, that he had left a copy of the notice at the plaintiff's last and usual place of abode, when he had not done so. And this was done wilfully, and not by mistake. He therefore is justly and legally chargeable with all which the plaintiff has lost by his illegal act. Without this return the creditor could not have taken out an execution against the body. The case does not show, that the plaintiff had any knowledge of the proceedings before the Justices, and had it been otherwise, he could not have made any successful objection to their acting, because the return would have been conclusive, except in a suit against him.

The usual place of abode of any man is where his family resides. 1 *Mass. R.* 58; 4 *ib.* 556; *ib.* 312; 7 *ib.* 1; 9 *ib.* 543; 11 *ib.* 350; *ib.* 424; 10 *ib.* 488; 3 *Greenl.* 455; 4 *ib.* 234; 8 *ib.* 203; 1 *Stark. Ev.* 39; *Story's Conflict of Laws*, 42, 45.

No objection having been made to the questions in the deposition, when it was taken, it cannot be done at the trial. 1 *Phil. on Ev.* 222, *note c;* 3 *Binney*, 130.

The testimony of the witness to which objection is made came out on cross examination, and was proper to test his credit, and much latitude is given for that purpose. 1 *Stark. Ev.* 129, 132; 1 *Phil. Ev.* 221, 227. The defendant's false return caused all the injury sustained by the plaintiff, and he is responsible for it. It was the natural consequence of the defendant's acts. 1 *Mass. R.* 145; 7 *Mass. R.* 169; 11 *Mass. R.* 137; 1 *Chitty's Pl.* 125

Norton *v.* Valentine.

*to* 128. To show the amount of the plaintiff's damage, he must show every thing which took place at the time. The evidence was properly admitted as part of the *res gesta.*

The opinion of the Court was drawn up by

SHEPLEY J. — The defendant is responsible for the consequences of his own acts ; but however illegal may have been his conduct, he is not to be made responsible for the acts of others, unless they are produced as the ordinary results of his own. He was in no degree responsible for any course, which the plaintiff might have taken ; and whether oppressive or not, it was not for him as an officer to judge. Whether the judgment creditor had a mortgage upon real estate to secure his debt and had entered for condition broken, was not a matter, which should injure the defendant or increase the damages against him. The defendant had no right or power to restrain the creditor from enforcing the collection of his debt by as many different methods as the law would permit.

Nor can it make any difference that the testimony in this case came out by the cross examination of a witness introduced by the defendant. Illegal or irrelative testimony cannot be thus properly introduced.

Nor can the defendant be held responsible for the illegal or harsh conduct of the officer, who arrested the plaintiff on the alias execution. If such officer conducted wrongfully, for that wrong he should himself answer ; and the plaintiff has his remedy against him ; and to him only, and not to the defendant, can he in justice resort.

What the plaintiff's brother said respecting the manner of obtaining the money is clearly inadmissible.

No valid objection appears to exist to the other rulings and instructions of the presiding Judge.

The injury and loss which the plaintiff actually sustained by the wrongful act of the defendant are the only proper subjects of examination in estimating the damages ; and as these might have been, and for aught that appears, were inflamed by the illegal testimony, there must be a new trial.

*Exceptions sustained, and a new trial granted.*